ground of alleged misrepresentations inducing the execution of the agreement. Defendant's counsel insists that the court has no power to grant the order asked, and, if it has the power, should not be exercised as a matter of discretion. The court thinks the defendant right on both the grounds stated. Section 803 of the Code of Civil Procedure gives the court power to compel the production and inspection of "a book, document, or other paper." It gives no power to compel the production of any other article of personal property. It is true that by subdivision 3 of court rule 14 provision is made for the production and inspection of an "article or property in his possession or under his contract"; but it has been held in the case of Auerbach v. D., L. & W. R. R. Co., 66 App. Div. 202, 73 N. Y. Supp. 118, that section 804 of the Code of Civil Procedure, which provides the general rules of practice must prescribe the cases in which a discovery or inspection may be compelled, does not authorize the adoption of a rule which enlarges the things subject to an order for their production and inspection as provided in section 803, which in terms confines the operation of the section to "a book, document, or other paper," and that when the Supreme Court undertook by general rules to go beyond those subjects it exceeded its powers.

It is manifest, therefore, that the plaintiff is not entitled to even an inspection of the machines in question. The plaintiff, however, asked for an order requiring the defendant to go further, in that it asked the defendant should be required to assemble the parts, install the machines, and put them in operation for the plaintiff's benefit, that it might obtain evidence to aid it in the prosecution of this action. This would certainly be requiring the defendant to go far beyond the apparent provisions of rule 14, even if valid.

The affidavits of the defendant disclose that the tests proposed, if made, would demonstrate nothing, because the machines were designed to operate on material freshly cut, and that to test it upon material cut and transported from South America, after they had been subjected to climatic changes and become partially or wholly dried, would be most unfair to the defendant, and would demonstrate nothing as to the successful operation of the machines. This seems reasonable, and is borne out by the provisions of the contract itself, which provides for tests in South America. Certainly the defendant has the right to stand upon the tests provided and stipulated for in the contract between the parties, and is justified in refusing others to its prejudice.

The motion must be denied, with $10 costs.

---

(121 App. Div. 5)

#### COHEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

1. CARRIERS—RAILROADS—PASSENGERS—EFFECTS—DUTY OF CARRIER.

A railroad company is not an insurer of the safe transportation of a passenger's property or effects, when such property is not placed in its charge or custody.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1583.]

2. SAME—NEGLIGENCE.

That when a railway passenger went to his berth he had money in his trousers pocket, and no porter or other employé of the company was present or in attendance, and that in the morning when he arose his money was gone, and no porter or other employé was present, was insufficient to show the loss was caused by the company's negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1595.]

Appeal from Special Term, Erie County.

Action by Benno Cohen against the New York Central & Hudson River Railroad Company. From a judgment of the Special Term of the Supreme Court, affirming a judgment of the Municipal Court of the city of Buffalo for plaintiff, defendant appeals. Reversed, and new trial ordered in the Municipal Court.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

H. E. Rourke, for appellant.
Eugene Warner, for respondent.

McLENNAN, P. J. The facts are not in dispute. The plaintiff purchased a ticket at the office of the defendant in the city of New York, which entitled him to transportation from that point to the city of Buffalo, N. Y., and at the same time purchased a ticket which entitled him to sleeping accommodations between such points. The ticket which entitled him to sleeping accommodations was in fact purchased from the Pullman Company, whose cars, because of an arrangement between it and the defendant, were transported over the defendant's railway for the accommodation and convenience of its passengers. After entering the car to which he was assigned, the plaintiff went to the smoking compartment, and while there directed the porter of the car to prepare the berth assigned to him for occupancy. The plaintiff soon after went to the berth assigned to him, there being at that time no porter visible, and retired. At the time he had $120 in his trousers pocket. He folded his trousers, the $120 being in the pocket, and placed them in the berth beside him. At the time he went to bed in his berth no porter was visible in the car. Shortly before reaching Batavia, several miles from the place where he left defendant's train, he was called by the porter to make ready for leaving the train. He got up from his berth and started for the lavatory, and discovered that the $120 had been taken from his pocket, and at that time it appears that no porter or other servant of the defendant was present in the car. Concededly plaintiff's money was not taken when the porter was absent and while the plaintiff was going to bed, because he testifies that at that time he counted his money and found it intact. Neither is there any claim that the money was taken at the time or after the plaintiff arose from his berth and while the porter was absent, because immediately upon leaving the berth he discovered the loss of his money. Under those circumstances we think the plaintiff wholly failed to establish negligence on the part of the defendant which caused the loss of his money.

We will assume that the defendant is liable for all negligence resulting in loss to a passenger which occurs because of the negligence

of an employé of the Pullman Company, whose cars the defendant is transporting, precisely the same as if such cars had been owned by the defendant. But we understand the rule to be that a railroad company is not an insurer of the safe transportation of the property or effects of a passenger, when such property or effects are not placed in the charge or custody of such company. As was said in Carpenter v. N. Y., N. H. & H. R. R. Co., 124 N. Y. 53, 57, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644:

"The mere proof of loss of money by a passenger while occupying a berth does not make out a prima facie case, and to sustain a recovery some evidence of negligence on the part of the defendant must be given."

In that case it was shown that the car in which the plaintiff was riding was left practically alone in its passage from the time it started until its destination was reached, and it was said by the learned court (page 58 of 124 N. Y., page 278 of 26 N. E. [11 L. R. A. 759, 21 Am. St. Rep. 644]):

"The undisputed evidence is that the entire force employed on the sleeper, which ran over an important thoroughfare and made frequent stops, was one man, who acted as conductor, as porter, and was also engaged, for his own profit, in blackening the shoes of the passengers. Whether this employé had that part of the sleeper which is for the common use of passengers and the servants of the corporation constantly in view during the trip is not shown by the evidence, except inferentially. The facts hereinbefore referred to, that the car ran over an important route between two great cities, through and stopping at eight considerable ones, that but one person was employed on the car, the services rendered by him for the defendant, and those which he at least was permitted to render to passengers for his own profit, affirmatively appear, and in addition it may well be presumed that he assisted passengers in entering and leaving the coach at intermediate stations. The existence of these facts was not denied, nor was any explanation of them offered. The defendant gave no evidence. Under the circumstances the evidence was sufficient to put the defendant to proof of the care which it took of the occupants of the sleeper on this trip, and in the absence of any explanation on its part was sufficient to require the question whether the loss was caused by the defendant's negligence to be submitted to the jury."

In the case at bar it appears without contradiction that there was a conductor who had charge of the sleeping car. It does not appear that the porter was charged with the duty or had the privilege of blackening shoes. In fact, it does not appear that he was absent from the car a single moment, except when the plaintiff retired at night at the outset of his journey and when he arose in the morning, at which times concededly he did not lose his money. It seems to me that the evidence absolutely fails to disclose a single act or omission on the part of the defendant which can be construed as negligent and which had anything to do with the loss of plaintiff's money. The proposition is plain. The plaintiff went to his berth in the ordinary way. At that particular time no porter or other employé of the defendant was present or in attendance; but at such time conceded y plaintiff's money was not taken. In the morning, when the plaintiff arose, his money was gone, and at that time no porter or other employé of the defendant was present. But it is also conceded that at such time his money was not taken, and there is no evidence to indicate that during the time after the plaintiff went to bed and until he arose the defendant did not

do everything' which the utmost care and prudence would have dictated in order to have protected the plaintiff's property.

It seems to me that an affirmance of this judgment would be in effect an attempt to overrule the decision in the Carpenter Case, supra, which holds that a railroad company does not undertake to carry and safely deliver the effects of travelers not delivered into its custody, and is not chargeable for its loss unless negligence on its part is shown which occasions such loss. In the case at bar we think that the evidence wholly failed to show that the defendant was guilty of negligence which occasioned or contributed to plaintiff's loss. It follows that the judgment and order appealed from should be reversed, with costs.

Judgment and order of Special Term, and judgment of Municipal Court, reversed, and a new trial ordered in the Municipal Court of the city of Buffalo on Tuesday, July 23, 1907, at 10 o'clock in the forenoon, with costs in all courts to appellant to abide event. All concur.